(56 South. 423.)

No. 19,039.

BOWLUS et al. v. WHATLEY et al.

In re WHATLEY et al.

(Oct. 30, 1911.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. CERTIORARI (§ 42*)—DISMISSAL—GROUNDS —DEFECTS IN RECORD.

When counsel for applicant for a writ of review makes affidavit that he instructed the clerk of the Court of Appeal to insert in the record the minute entry showing that a rehearing had been denied, and when such minute entry is filed with the affidavit, the application will not be dismissed, on the ground that the record does not show that a rehearing had been refused in the Court of Appeal.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 42.*]

On the Merits.

2. DEEDS (§§ 35, 84*)—DONATIONS—FORM OF ACT—RECORD.

The act evidencing a remunerative donation need not recite the value of the thing given or of the services intended to be compensated; and remunerative donations, not being real donations, and not being subject to the rules applicable to donations inter vivos, need not be recorded in a separate book, but should be recorded, if conveying real estate, in a conveyance book of the parish in which the property conveyed is situated.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 58, 222–224; Dec. Dig. §§ 35, 84.*]

Action by George A. Bowlus and others against William J. Whatley and others. Judgment for defendants was reversed by the Court of Appeal, and, an application for rehearing having been denied, defendants Whatley and others applied for certiorari or writ of review to the Court of Appeal. Judgment affirmed.

See, also, 128 La. 500, 54 South. 972.

Blackmun & Overton and Robert P. Hunter & Sons, for applicants. White, Thornton &. Holloman, for respondents.

On Motion to Dismiss.

SOMMERVILLE, J. [1] Motion has been made to dismiss this application for a writ of review, on the ground that the record fails to show that rehearing had been asked for in the Court of Appeal, and had been refused. In answer to this motion, counsel for applicant files affidavit to the effect that he instructed the clerk of the Court of Appeal to insert in the record a certified copy of an extract from the minutes, showing that a rehearing had been refused. To the answer to the motion to dismiss is annexed a certified extract from the minutes, reciting that the application for a rehearing had been denied. Under the circumstances, we think that there has been a sufficient compliance with rule 12 (47 South. vii) of this court, and the motion to dismiss is therefore denied.

On the Merits.

[2] This is a petitory action for the recovery of a tract of land containing 50 acres, more or less, situated in Rapides parish. Plaintiffs base their title, through mesne conveyances, upon a deed of the property from Mrs. Elise Schmalinski to Adolph Strauss, January 30, 1892, recorded in Conveyance Book P, fol. 297–299, of Rapides parish. They allege that William J. Whatley is in actual possession, as lessee of parties unknown to them, and they pray for judgment against him and his lessors, decreeing petitioners to be the owners of the property, and awarding them possession; they also pray for judgment for rents and revenues at the rate of $3 per acre per annum for three years, and at the same rate for each additional year until final judgment and possession be given.

Whatley disclosed A. V. Guillory as his lessor. Guillory answered, setting up title in himself, as having bought the property from Samuel Haas, who bought from William J. Whatley, who bought, February 1, 1900, from Mrs. Elise Schmalinski. Guillory further sets up: That the alleged transfer from Mrs. Schmalinski to Strauss is null.

That "said illegal transfer is not a sale, nor did the same confer upon the said Strauss or his assigns any real right or claim upon said property, for the reason that the same shows on its face that it was made without legal consideration."

Further answering, defendant alleges that he purchased in good faith, and has made improvements well worth $1,000, which sum he claims in the event of eviction.

Haas, Whatley, and Mrs. Schmalinski were each in turn called in warranty, and each filed answers. Mrs. Schmalinski alleges that Strauss never acquired any of this property from her; that the instrument relied upon by plaintiffs did not operate as a transfer of title, and is upon its face not translative of property; that, for want of a fixed price, it is neither a sale nor a giving in payment; that it is not a donation, as shown by its stipulations, and because there was no acceptance in the form required by law, and because there was no recordation of the instrument in the book of donations.

The judgment of the district court was for defendant, but was reversed by the Court of Appeal, and is now before us on a writ of review. The Court of Appeal decreed plaintiffs to be the owners of the land in question, and allowed them rent from judicial demand at the rate of $75 a year to the date of the execution of the judgment. Defendants were decreed to be entitled to $750 for improvements. So far as the calls in warranty are concerned, the case was remanded to the district court to ascertain the amounts due, and to render judgments on said calls in warranty accordingly.

The consideration expressed in the deed from Mrs. Schmalinski to Strauss is as follows:

"For, and in consideration of the services rendered her by Adolph Strauss, as a land agent in effecting an exchange of property between herself and Mrs. M. A. Ashley, this day, she does grant, give, transfer and set over unto Adolph Strauss the following described property, to wit."

It can hardly be seriously doubted that the rendition of services creates an obligation; and surely no one would assert that the extinguishment of an obligation is not a legal basis for the transfer of property. The contention, then, that the Strauss deed shows want of consideration, must fall. The deed to Strauss thus reciting a valid consideration, if it was properly recorded, those claiming under him cannot be required to go beyond the recitals of the deed, and to prosecute an investigation into the reality or legality of the consideration named therein. But, as shown in the case of Ashley v. Schmalinski, 46 La. Ann. 499, 15 South. 1, Strauss had actually rendered to Mrs. Schmalinski services of great value, services which she had employed him to perform, and for which she intended to pay; he had induced Mrs. Ashley to exchange her residence, worth $8,000, for Mrs. Schmalinski's wholly worthless land. The consideration, as recited in the deed, being valid, and being in fact valid at the time of the signing of the deed, this validity is not affected by a subsequent decree of the Supreme Court, setting aside the exchange at the suit of Mrs. Ashley.

The instrument in question evidences neither a sale, a giving in payment, nor an exchange, but it does evidence a remunerative donation. And it is quite clear from the language used in the act—"grant, give, set over and transfer"—that it was Mrs. Schmalinski's intention to make a remunerative donation. To constitute such a donation, as held in Hearsey v. Craig, 126 La. 824, 53 South. 17, the law does not require that the value of the thing given, or of the services intended to be compensated, should be fixed and stated. Strauss signed the act and recorded it; this constituted an acceptance by him.

It is true that C. C. art. 1554 provides that when property susceptible of mortgage is donated it must be registered in a sepa-

rate book; but C. C. arts. 1525 and 1526 distinctly affirm that the remunerative donation is not a real donation, and that in consequence the rules peculiar to donations inter vivos do not apply to it, except when the value of the object given exceeds by one-half that of the services. Complaint is made by defendants that plaintiffs have failed to prove the value of Strauss' services; but, as held in Hearsey v. Craig, 126 La. 824, 53 South. 17, where a conveyance, purporting to be a remunerative donation, is attacked, on the ground that the value of the property donated exceeds by one-half that of the services intended to be compensated, the burden of making this proof is on the party making the allegation. Defendants' complaint is therefore groundless; and the donation to Strauss must be held to be such a remunerative donation as to make it not a real donation, and not subject to the rules peculiar to donations inter vivos. One of these peculiar rules is that donations must be recorded in a separate book. C. C. art. 2252 provides that, if the notarial act contains a conveyance of immovable property, it shall be recorded in a book of conveyances. A giving in payment of an immovable is a conveyance of an immovable, and must be recorded in a conveyance book. Now, a remunerative donation differs from a giving in payment in this: That such donation need fix no price; the giving in payment must. A remunerative donation of real estate is a conveyance of real estate, but as it is not subject to the rules peculiar to donations inter vivos, such conveyances must be recorded in the conveyance book; its recordation in the book of donations is not necessary.

Under C. C. art. 503, defendants were, up to the time of citation in this suit (February 14, 1908), possessors in good faith.

We find no error in the judgment and decree of the Court of Appeal, and the same are affirmed, with costs.