## ROBINSON v. GUEDRY.

### No. 16742.

Court of Appeal of Louisiana. Orleans.

June 16, 1938.

Peter G. Charbonnet, Jr., and H. M. Ansley, both of New Orleans, for appellant.

John T. White, of New Orleans, for appellee.

## WESTERFIELD, Judge.

This is a suit to annul a donation inter vivos upon the ground that the donor was of unsound mind; that the purported donation is in reality a dation en paiment and without consideration and void for want of a fixed price; that in any event the property donated exceeded by more than one-half the value of the services rendered by the donee, the alleged consideration; and finally, that the property donated was the sole possession of the donor and, therefore, the donation was void under Article 1497, R.C.C., because the donor failed to reserve to herself sufficient of her property for her subsistence. The defendant answered averring that the donation attacked by the plaintiff was in all respects good and valid under the laws of this State as a remunerative donation, which did not exceed the value of the services rendered plaintiff, and, in the alternative, if the donation be set aside that defendant have judgment against plaintiff in the sum of $788.40, said sum representing $500.00 for services rendered, $138.40 for taxes paid and $150.00 as the value of repairs to the property subject to the donation.

There was judgment below in favor of defendant dismissing plaintiff's suit and plaintiff has appealed.

Mrs. Estelle Santamont, widow of Joseph Robinson, lived alone in the property owned by her, No. 2324 St. Ferdinand Street. She was old and ill with heart and kidney trouble. Mrs. Marie Guedry Jacobs lived several doors away from Mrs. Robinson with her husband and nine children. She was a friend of Mrs. Robinson. For sev-eral months, Mrs. Jacobs and one or more of her children waited on Mrs. Robinson, cooked her food and nursed her. As Mrs. Robinson became helpless, the services rendered by the Jacobs family became more onerous and disagreeable, as the testimony plainly indicates. When Mrs. Robinson's illness approached a crisis she was advised by her physician to seek hospitalization. She consulted her parish priest and with his assistance was admitted to a religious institution called "The Little Sisters of the Poor". Admittance to this institution because of its crowded condition was not easily obtained and not possible at all, under its rules, by anyone possessed of any property. With the advice of her priest, Mrs. Robinson determined to dispose of the only thing she had, the property in which she resided, No. 2324 St. Ferdinand Street. Accordingly, on November 23, 1931, by act before Robert L. Hickerson, Notary Public, she transferred her home to Mrs. Jacobs, the act reciting that the transfer was made for the following consideration:—

"And the said Mrs. Estelle Santamont, widow of Joseph Robinson, declared that she is making this donation to the said donee in consideration and in part payment of the many services rendered her by the said donee, which are worth much more than the property herein donated."

Mrs. Robinson remained in the Institution for three and a half years and left there after a quarrel with one of the inmates. She then went to reside with a friend by the name of Mrs. A. Douricourt with whom she was living at the time of the trial in the Court below. On the 19th of February, 1936, Mrs. Robinson appeared before Peter G. Charbonnet, Jr., Notary Public, and signed an act of revocation of the donation to Mrs. Jacobs which she caused to be recorded in the Mortgage Office, Book No. 1426, Folio 136. Thereafter, on the 21st day of May, 1936, she brought this suit to annul the act of donation of November 23, 1931.

A donation inter vivos "is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it". R.C.C. art. 1468. It may not exceed the disposable portion. R.C.C. art. 1493. It shall in no case "divest the donor of all his property; he must reserve for himself enough for subsistence; if he does not do it, the donation is null for the whole". R.C.C. art.

1497. Article 1523, R.C.C., reads as follows:—

"There are three kinds of donations inter vivos:

"The donation purely gratuitous, or that which is made without condition and merely from liberality;

"The onerous donation, or that which is burdened with charges imposed on the donee;

"The remunerative donation, or that the object of which is to recompense for services rendered."

The rules which apply to donations inter vivos generally "do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one-half that of the charges of the services". R.C.C. art. 1526. A dation en paiment "is an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due". R.C.C. art. 2655.

From a consideration of the facts in connection with the appropriate codal articles on the subject, it clearly appears that the donation under attack here was remunerative and, consequently, our first concern is with the value of the object of the donation. If it does not exceed by more than one-half the value of the services rendered by the donee the rules with respect to donations inter vivos generally, which have been invoked by the plaintiff, do not apply.

It is conceded that the value of the lot on St. Ferdinand Street, without the building, was, in 1931, $300.00. Mr. I. B. Rennyson, a real estate agent who testified as an expert on behalf of defendant, said that if the property was in the same condition in 1931, the year in which it was the subject of the donation, as it appeared to him in 1936 when he examined it, it would have sold for a price between $1,000.00 and $1200.00. It was not in the same condition, however, because it had been repaired by Mrs. Jacobs after her acquisition. Another expert, a contractor, expressed the opinion that the house and lot in 1931 was not worth more than $300.00 or $400.00, which would value the house at little or nothing. This witness, Mr. Gus. Clede, had lived in the neighborhood for about twenty-five years, said that the house was "a mere shell", the roof in bad condition, no screens, no steps, no electricity and the walls falling down because of leaks. Mr. Rennyson did not see the house before it had been repaired by defendant, whereas Mr. Clede who lived in the neighborhood was quite familiar with its condition in 1931. Dr. LaNasa, plaintiff's physician, stated that the house was "just a hovel—no illumination of any kind. I entered through the rear. The front door was boarded up—steps dilapidated. In fact, I suggested that they either move her to a home or a hospital". We are convinced that the house was of little value at the time of the donation.

Mrs. Jacobs purchased (with Mrs. Robinson's money) and cooked all of Mrs. Robinson's meals, cleaned the house, washed her clothes and her body, and did other unpleasant tasks in connection with the care of the patient who was a helpless old woman. The services rendered covered a period of about four months. Such services constituted a legal basis for the transfer of the property. Bowlus v. Whatley, 129 La. 509, 512, 56 So. 423.

It seems clear to us that the value of the property did not exceed by more than one-half, if to any extent, the value of Mrs. Jacobs' services. Counsel for plaintiff, however, say that in a dation en paiment, as in a contract of sale, it is essential that the price of the thing given be fixed and that since in the act of donation the value of the services are not fixed, it is void because a remunerative donation is, in effect, a dation en paiment. R.C.C. Arts. 2656, 2658 and 2659. The fallacy of this argument is that while the principle relied upon has application to sales and to a dation en paiment, it does not apply to remunerative donations. See Hearsey v. Craig, 126 La. 824, 53 So. 17, wherein it was said (page 20):—

"We therefore conclude that the validity of the conveyance here attacked, purporting, at it does, to be, at once, a remunerative, and an onerous, donation, is not affected by the failure of the parties to estimate, or fix, in exact terms, the value of the real estate conveyed or of the services rendered, or charges imposed, as the consideration of such conveyance."

Our conclusion is that the plaintiff has failed to make out her case, consequently, and

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.

JANVIER, J., absent.