## No. 10,937.

SIMPSON & VIZARD VS. PEOPLE'S ICE MANUFACTURING COMPANY.

Simpson & Vizard were the officers, the latter president of a corporation. They owned bonds of the corporation, which were issued while they were officers of said corporation. They foreclosed the mortgage on the property of the company securing the bonds and purchased it.

Tax liens and privileges were recorded for taxes due when they were officers. They took a rule to cancel them. Held that they were not estopped from disputing the existence of the tax, because they had not as officers of said corporation paid them. The corporation was a distinct entity from them as individuals, or as a commercial firm of Simpson & Vizard.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

Plaintiffs unrepresented in Supreme Court.

*W. B. Sommerville,* Assistant City Attorney, and *Carleton Hunt,* City Attorney, for City of New Orleans, Defendant in Rule and Appellant.

The opinion of the court was delivered by

MCENERY, J.   Messrs. Simpson & Vizard, a commercial firm composed of John F. Simpson and Anthony Vizard, were the holders of certain bonds issued by the defendant company, and which were secured by mortgage on certain property belonging to the People's Ice Manufacturing Company, defendant.

Mr. Anthony Vizard, one of the plaintiffs, was president of the People's Ice Manufacturing Company.

Mr. John F. Simpson, the other plaintiff, was a stockholder of the company.

Messrs. Simpson & Vizard caused the property of the company to be seized and sold under executory process, and they, the plaintiffs, bought it.

Thereupon, plaintiffs filed a rule to cancel city taxes and the liens and privileges securing same for the years 1886, 1887, 1888, 1889, 1890 and 1891, on two grounds:

1. Because of prescription.

2. Because the property had been engaged during that time in the manufacture of ice, more than five hands being employed in the factory.

The rule was made absolute as to the taxes, liens and privileges for the years 1889 and 1890.

The rule was discharged as to the city tax of 1888.

And it was made absolute, as to the liens and privileges only, for the years 1886 and 1887, reserving to the city the right to collect the taxes for those years from defendant.

From this judgment the city prosecutes this appeal.

The proposition of the city is that plaintiffs are not entitled to the relief sought, as Anthony Vizard was president of the company and John F. Simpson was a stockholder in the same, and that it was their duty to see that the taxes were paid, and that they can not take advantage of their own wrong. That the taxes of 1886, 1887 were due anterior to the time of signing and issuing the bonds.

Simpson & Vizard, as a commercial firm, was a distinct entity from the defendant corporation.

Their acts as officers of the company were distinct from their acts as members of the commercial firm of Simpson & Vizard.

Their official acts could not estop them, when acting in their individual capacities or as members of a commercial firm.

Judgment affirmed.