IN THE

# SUPREME COURT OF TENNESSEE

IN THE

## EASTERN DIVISION

### KNOXVILLE, SEPTEMBER TERM, 1917.

J. L. FOSTER *et al. v.* ALVIS JEFFERS *et al.*

(*Knoxville.* September Term, 1918.)

1. **ESTOPPEL.** Failure to assert title. Clerk and master.
   Where clerk and master reported land to belong to a decedent and sold it to satisfy latter's debts, the clerk and master and those claiming under him are estopped from claiming land through title acquired by him before making of report. (*Post, pp.* 449, 450.)

   Cases cited and approved: Chapman v. Gates, 54 N. Y., 132; Simpson v. People's Ice Mfg. Co., 44 La. Ann., 612.

2. **ESTOPPEL.** Official acts. Clerk and master. Failure to assert title. Estoppel of heirs.
   Where clerk and master reported property to belong to a decedent and sold it to satisfy latter's debts, the clerk and master's heirs will be estopped from claiming the land through title acquired by him before making of report, although in making report and selling land he acted in an official capacity. (*Post pp.* 450-452.)

   Case cited and distinguished: American Paper Bag Co. v. Van Nortwick et al., 52 Fed., 752.

3. **TRUSTS.**   Undisclosed beneficiary.   Innocent purchaser.

Where a party contributes part of purchase money with which another party buys land, but permits latter to take deed in his own name with nothing to indicate land was impressed with any trust, a conveyance by latter to innocent purchaser passes both former and later's interest in the land.. (*Post, p.* 452.)

4. **ESTOPPEL.**   Trusts.   Undisclosed beneficiary.

Where a party contributes part of purchase money with which another party buys land, but permits latter to take deed in his own name with nothing to indicate land was impressed with any trust, an estoppel good against latter is good against former. (*Post, p.* 452.)

---

FROM SCOTT.

---

Appeal from the Chancery Court of Scott County. —Hon. HUGH G. KYLE, Chancellor.

· E. G. FOSTER, for appellants.

YORK & PEMBERTON, for appellees.

MR. JUSTICE GREEN delivered the opinion of the Court.

This is an ejectment suit, brought to recover a tract of land in Scott county. From the decree dismissing the complainants' bill, they have appealed to this court.

The complainants, with the exception of J. L. Foster, are heirs of Sanders Foster, deceased. The title upon which complainants sue was in Sanders Foster when he died, but J. L. Foster claims that

he was jointly interested in the purchase of this title, taken in the name of Sanders Foster. J. L. Foster also has a deed from the widow of Sanders Foster, conveying her interest in the land.

The defendants claim under D. Jeffers. Upon the death of D. Jeffers, his estate was administered in the chancery court, and this tract therein sold, and Alvis Jeffers became the purchaser thereof.

The complainants possibly have a superior paper title. Several defenses are interposed only one of which, however, it is necessary to notice, namely, that of estoppel.

For some time prior to his death, D. Jeffers had been in possession of said tract of land. In the proceedings had in the chancery court of Scott county to wind up his estate, there was a reference to the clerk and master, directing him to ascertain and report what real estate the said D. Jeffers died seized and possessed of, whether it would be necessary to sell any of his real estate to pay his debts, and, if so, how much and what part of his real estate it would be necessary to sell. The clerk and master was also directed to report who owned the tract of land comprising four hundred and fifty-five acres, which is in controversy in this suit. The master reported that D. Jeffers died seized and possessed of the said four hundred and fifty-five-acre tract, and that it would be necesary to sell said tract to pay the outstanding debts; that

D. Jeffers was the owner of the four hundred and fifty-five-acre tract as well as other lands.

No exceptions were filed to this report. It was confirmed and a sale of the said tract had under orders of the court. Later, there was a sale under advanced bids, at which defendant Alvis Jeffers became the purchaser.

At the time of these proceedings in the chancery court of Scott County, Sanders Foster, under whom the complainants claim, was clerk and master of that court. He considered the proof filed on the reference, and he it was who made the report that this tract of land belonged to D. Jeffers, and recommended the sale thereof.

The title of Sanders Foster to the land had been acquired a considerable time previous to these proceedings with reference to the estate of D. Jeffers. From the testimony of a surveyor employed by the administrator of D. Jeffers, who made a survey of the four hundred and fifty-five-acre tract, it is very clear that Sanders Foster knew the identity of the particular tract which was exposed by him for sale as the property of D. Jeffers.

There is also testimony in the record that Sanders Foster was consulted about the sale of this land by the representatives of D. Jeffers, and that Foster agreed to assist in bringing about a sale of the land; it being hoped that a private sale could be effected.

Inasmuch as his title to this land had been acquired prior to the death of D. Jeffers, we think Sanders

140 Tenn.—29.

Foster, and all those claiming under him, are estopped from setting up any claim to the land now by reason of the participation of Sanders Foster in this sale thereof, as the property of D. Jeffers. Sanders Foster knew of his own claims at that time, and he must have known of the identity of the land. Notwithstanding this knowledge, he reported to the court that said land was the property of D. Jeffers and actually sold it as the property of D. Jeffers. He could not now be heard to make a contrary assertion, nor can those claiming title under him make such assertion. It is insisted, however, for the complainants, that in making this report as to the ownership of said land, and in offering the same for sale, Sanders Foster was acting officially. It is urged that his heirs cannot be estopped from asserting a personal right of Sanders Foster by reason of his official acts.

We cannot assent to this proposition, although it appears to be sustained by some authority. *Chapman* v. *Gates*, 54 N. Y., 132; *Simpson* v. *People's Ice Mfg. Co.*, 44 La. Ann., 612, 10 South., 814.

We think the New York case may be distinguished on its facts. The Louisiana case is not reasoned.

An office cannot be used to shield misconduct. A higher duty rests upon a public official to act and deal fairly than upon an individual. If it was the intention of Sanders Foster to assert any claim to this land, it was his duty to speak at the time he offered it for sale as clerk and master, representing it as

belonging to the estate of D. Jeffers. He could not now be allowed to question the integrity of his official act. No more can those claiming under him be so permitted. No advantage may accrue to an official or his privies by reason of misconduct in office.

The view that we take of this matter is reinforced by the opinion of Judge JENKINS, of the circuit court of appeals of the Seventh Circuit.

In a case there arising, certain articles were contracted for by individuals, and upon the order of these individuals delivered to a corporation which they controlled. They denied personal liability when later sued for the value of the goods. The court said:

"If one, having a personal right to property, directs a certain disposition of it, he is, as against one complying with the instructions, personally bound by the direction given, although in so doing he acted in a representative capacity. In such case he cannot be heard to complain of an act he has caused to be done. So here, the defendants, by their conduct, induced the delivery of the machines to the corporation with which they were connected, and of which they were the moving spirits. It is no answer to say that therein they acted in a representative capacity. If they had personal objection to such delivery, they should have made it manifest. They were silent when it became them to speak. They cannot now object that the delivery which as representatives of the company they sought and obtained was counter to

their individual wishes. They are estopped.'' *American Paper Bag Co.* v. *Van Nortwick et al.*, 52 Fed., 752, 3 C. C. A., 274.

It is insisted, however, on behalf of J. L. Foster, that he could not be estopped by the conduct of Sanders Foster. J. L. Foster, as heretofore stated, asserts a trust in his favor in the land by reason of having contributed a portion of the money with which Sanders Foster acquired his title.

By consent of J. L. Foster, Sanders Foster took deeds which did not indicate that the land was impressed with any trust. He held title in his individual right apparently and with permission of J. L. Foster. Sanders Foster might have sold the land and by his own deed passed all title in him, including any interest of J. L. Foster, to an innocent purchaser.

Under such circumstances, we think an estoppel, good against the holder of the legal title, acquired and held in such a way, by arrangement with the *cestui que trust,* is good against such undisclosed beneficiary. The *cestui* is estopped to deny the agency or authority of the holder of the legal title with respect to the land.

Waiving other questions in the case, for the reasons stated, the decree of the chancellor is affirmed.