LECHE, J.
The matters at issue herein are fully stated in appellant’s brief as follows:
“This suit is a contest over the estate of Mrs. Susan T. Hunt, lately a resident of De Soto parish, La., who died on January 6, 1913. The plaintiffs are her grandchildren, sole heirs of her two predeceased sons. The defendants are her three living children.
“Mrs. Hunt was twice married. Her first husband was S. M. Potts, by whom she had five children, viz. Henry, Steve S., Paul M., Lillian E., and Etta E. Potts. Her second husband was W. W. Hunt, to whom she was married in 1898. No issue was born of the latter marriage.
“Henry Potts and Steve S. Potts, two of the five Potts children, died prior to their mother’s death. Henry was survived by one child, Steve E. Potts, a resident of Caddo parish, La., and one of the plaintiffs herein. Steve S. Potts was survived by three children, Paul G. Potts, S. S. Potts, Jr., and Robert W. Potts, residents of Waco, Tex., the other plaintiffs herein.
“On December 10, 1912, Mrs. Susan T. Hunt, by private act, conveyed, granted, and donated to her three children, Paul M. Potts, Lillian E. Potts, wife of F. O. Blackshear, and Etta E. Potts, wife of J. E. Bourland (the defendants herein), in indivisión, one-third to each, 1,020 acres of land in De Soto parish, La., which is particularly described in paragraph 3 of plaintiff’s petition. The recited consideration for this donation and grant was: (a) The natural love and affection the donor had for her three children, the donees; . (b) the payment by said donees to the donor during her natural life of an annual rental of $300, beginning with the year 1914; and (c) the assumption and payment of a mortgage operating on said land as recorded in Book 12 of Mortgages of De Soto Parish, on page 442. The donees, defendants herein, formally accepted the donation, at the valuation of $6,000, placed thereon in the act and subject to all of the stipulations and conditions embraced therein (Tr. pp. 44 and 45). It was duly proven up by the witnesses thereto and filed for record and recorded on December 20, 1912, in Book 30 of Conveyances, p. 682 et seq., of the records of De Soto Parish (Tr. pp. 44 to 47, inclusive).
“About a month after executing this donation Mrs. Hunt died suddenly, leaving a will in olographic form, by the terms of which, after tho payment of her just debts and funeral expenses, all of her property, both real and personal, was devised to her three children, Paul M. Potts, Lillian E. Blackshear, and Etta E. Bourland, share and share alike. The will recited that Henry Potts and Steve S. Potts, predeceased sons of the testator, had each received his portion of her estate during their lifetime; and, further, that the family of Steve S. Potts had treated their father in a very cruel manner when he was sick, almost in a dying condition, by driving him from home, and it was the wish of the testator that no part of her estate should go to them. The will was duly probated on February 12, 1913, and, as provided therein, Paul M. Potts and Lillian E. Blackshear, two of the defendants herein, were appointed and qualified as testamentary executors (Tr. pp. 32^41, inclusive). An inventory was taken and filed, showing an estate valued at $1,898.55, consisting mainly of cash and promissory notes (Tr. p. 42).
“In the fall of 1913 the present suit was filed, plaintiffs, the grandchildren of Mrs. Hunt and children of her predeceased sons, Henry and Steve S. Potts, alleging that they are forced heirs of their grandmother, and entitled by representation to inherit a two-fifth interest in her estate, seek to have declared null and void: First, the donation to defendants of the 1,020 acres of land under date of December 10, 1912, thereby causing said land to be returned to the estate of their grandmother; second, the proceedings under which the will was probated and defendants recognized and put in possession of the entire estate as universal legatees; and, third, the will itself, praying, in the alternative, if the will be decreed a legal and valid document, then that the dispositions under the will be reduced so as not to affect the plaintiffs’ legitime, and that plaintiffs be decreed entitled- to recover two-fifths of two-thirds of said estate.
“The donation of the 1,020 acres of land un *909 der date of December 10, 1912, is alleged by plaintiffs to be null and void, for tbe following reasons: First, that it is a private act and not a notarial act such as is required by article 1536 of the Civil Code; second, that Mrs. Hunt, by virtue ,of said donation, divested herself of all of her property, in violation of article 1497 of the Civil Code; and, third, that the recited consideration of $300 annual rental to be paid to the donor, beginning with the year 1914, was never paid, and that the mortgage to be assumed and paid by the donees, defendants herein, was, m fact, paid out of the funds belonging to the donor prior to making the donation, and that, therefore, the sole consideration for said donation was simply an obligation to care for and maintain the donor during her natural life.
“The proceedings under which the will was probated are alleged by plaintiffs to be null and void for the following reasons: First, that the petition for the probation thereof did not pray that notice be given to plaintiffs of the opening and probation of the will, and no such notice was given; second, that no curator ad hoc was appointed to represent plaintiffs, who are heirs of S. S. Potts, and nonresidents; third, that if a curator ad hoc was appointed to represent said nonresidents, said curator ad hoc failed to give them notice of the application to probate said will; fourth, that Steve E. Potts, sole heir of Henry Potts, and a resident of Caddo parish, La., had no notice of the probation of the will.
“The will itself plaintiffs allege to be null and void, but upon what grounds is not set out in their petition. However, by alternative plea plaintiffs pray that in the event the court holds said will to be a valid instrument, then that the dispositions of the property of the testator thereunder be reduced so that the legitime of the plaintiffs as forced heirs of the testator may not be affected thereby, and plaintiffs decreed entitled to recover two-fifths of two-thirds of said estate, and that that portion of the will which seeks to disinherit plaintiffs, who are the children of Steve S. Potts, be declared to be of no force and effect.
“Defendants in answering allege:
“(1) That the donation was not a gratuitous donation, but an onerous donation, and as such was not subject to the formalities prescribed by article 1536 of the Civil Code.
“(2) That in the probation of the will no notice was given to plaintiffs, and no curator ad hoc was appointed to represent them, for the reason that no such notice and appointment are required by law.
“(3) That the will is itself (a) a valid document and the disinherison of the heirs of Steve S. Potts therein is legally expressed, setting out that these heirs were guilty towards their father, through whom they claim to inherit: First, of cruelty and grievous injury ; second, of refusing him sustenance, having means to afford it; and, third, of forcing him into the streets from the home in which he lived, while sick, (b) That Henry Potts, the father of the plaintiff, Steven E. Potts, received during his lifetime more than his share in the estate of the testator, his mother, and that by a fair and just collation of the donation of the 240 acres of land made to him by the testator, as set out in the will, he would be indebted unto the succession instead of the succession being indebted to him or his heirs, (c) That. plaintiffs, who are the heirs of Steve S. Potts, not only have been legally disinherited, but have no real interest in the testator’s estate, for the reason that their father received from the testator during his lifetime more than his share of her property by gifts of a literary and medical library, a horse, $50 in cash, and the payment of his sanitarium fees when sick, the value of which was in excess of his legitime.”
The donation made by Mrs. Hunt on December 10, 1912, was conditioned with the obligation assumed by the donees of paying her during her lifetime $300 per annum, and of discharging a debt due by her and secured by mortgage on the donated property. % Although plaintiffs claim that the donation was gratuitous, they have failed to prove and the record nowhere shows the amount of the mortgage debt assumed by the donees.
[1] The law is that an onerous donation, except where the value of the object given exceeds by one-half that of the charges or of the services, is not subject to the rules peculiar to donations inter vivos (C. C. art. 1526), and therefore that such a donation is not void for defect of form, when not passed before a notary public and two witnesses. Pulford v. Dimmick, 107 La. 408, 31 South. 879; Bowlus v. Whatley, 129 La. 513, 56 South. 423. See, also, Baudry Lacantinerie, Droit Civil Francais, vol. IX, No. 1136.
[2] It was incumbent upon plaintiffs, in order to sustain their contention that the donation was null for defect of form, to prove that the value of the object given exceeded by one-half .that of the charges, and to show that the donation was subject to the requirement of form, prescribed in C. C. art. 1536. The conveyance upon its face purports to be for a consideration, and the burden rested upon plaintiffs to prove that it was gratuitous, and that the donor had not reserved enough for her sustenance, and not having produced such proof, their demand to have the conveyance annulled must be refused.
*911 [3] The next relief prayed for by plaintiffs is the annulment of the proceedings probating the will of Mrs. Plunt, on the ground that they had not been notified in accordance with the requirements of article 935, O. P., to attend the opening and proof of the will. Plaintiffs admit in their petition that three of them reside outside of the state and one in the parish of Caddo, and as they did not reside in the place where the will was probated, they were not entitled under the terms of the law to a notice in writing to attend. See Thomas v. Blair, 111 La. 685, 35 South. 811.
[4] Plaintiffs having failed to specify any ground of nullity, their attack on the validity of the .will of their grandmother is not entitled to any consideration.
The nullity of that provision of the will which disinherits the children of Stephen S. Potts, the three plaintiffs who reside in Texas, is not resisted or contested by defendants.
Being of the opinion, then, that the conveyance by onerous donation from Mrs. Hunt to the defendants, evidenced by the act under private signature of December 10, 1912, is valid, and that the will of Mrs. Hunt and the proceedings probating the same are also valid, the only question for further consideration is whether the dispositions in the will impinge upon the legitime of plaintiffs.
The inventory in the succession shows that the deceased left property and assets worth $1,898.55, and, according to the terms of her will, she left .all of this property to the defendants because she claimed that she had previously given to the fathers of the plaintiffs more than their share of her estate.
[5] The evidence shows that a tract of 240 acres of land, composed of the E. % of the N. E. % and the S. E. Y± of section 11 in township 14, was sold by Mrs. Hunt to hex-son Henry Potts, father of the plaintiff Steve E. Potts, on November 29, 1882, for a recited consideration of $750, and that Henry Potts signed a counter letter in which he acknowledged that this pretended sale was really a donation to him. While this tract of land was reconveyed to his mother, and again repurchased by him, and again transferred to his mother, there is nothing in the various acts of transfer or in the testimony to destroy the effect of the counter letter, and this counter letter when read in connection with the will impresses us as well establishing the fact that Henry Potts did receive an advance of $750 on his heritable portion in the succession of his motkei\ Our conclusion, then, is that the plaintiff Steve E. ■ Potts, herein appearing and suing as heir by representation of his father, Henry Potts, has no interest in seeking to- reduce the disposition in the will of his grandmother, instituting defendants as her universal legatees.
[6] The donation of a colt, a librai-y, and $50, in cash, made by Mrs. Hunt to Stephen D. Potts, father of the three remaining plaintiffs, is estimated by Paul G. Potts, one of said plaintiffs, as amounting in value to the sum of $100, and believing this estimate to be fair, that amount should be collated by plaintiffs Paul G. Potts, O. S. Potts, Jr., and Robert W. Potts, before they can claim their legitime out of the succession. The donation to the defendants under the will of Mrs. Hunt should be reduced to the disposable portion, that is, one-third of the property she owned at her death, and the residue divided equally into four parts, to be distributed, one part to the plaintiffs Paul G. Potts, S. S. Potts, Jr., and Robert W. Potts, and the other three parts to the three defendants. Assuming that in the settlement of Mrs. Hunt’s succession, costs and expenses have been incurred, and there being no evidence in the transcript by which such costs and expenses can be computed, it will be necessary to remand this case to the district court of De Soto parish to fix the rights of the parties.
For these reasons, it is now ordered that the judgment appealed from be set aside and reversed; that the demand of plaintiff Steve *913 E. Potts be refused and this suit dismissed as to him. It is further ordered that the conveyance by onerous donation made by Mrs. Hunt to the defendants on December 10, 1912, be recognized and declared valid; that the proceedings probating the last will and testament of Mrs. Hunt as well as her said last will and testament be also declared valid except as to the clause in said will which attempts to disinherit plaintiffs, and which, as conceded by defendants, is null and void; that the plaintiffs Paul G. Potts, S. S. Potts, Jr., and Robert W. Potts collate the sum of $100, which their father has received from the deceased; that the disposition in the will of Mrs. Hunt in favor of the defendants be reduced to one-third of the money and property owned by her at her death; and that the net assets of said succession, after deducting costs, expenses, and the legacy in favor of defendants, be divided into four equal parts, to be distributed one part among the plaintiffs, children of Stephen S. Potts, deceased, and the other three parts among the three defendants. It is further ordered that this cause be remanded to the district court for the parish of De Soto, in order that the respective portions coming to the children of Stephen D. Potts, deceased, and to the defendants, may be fixed and determined in accordance with the law and the views herein expressed, and that the costs of this suit be paid out of the mass of said succession.