·(86 South. 778)

No. 23497.

## CASTLEMAN v. SMITH et al.

(Nov. 29, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Estoppel** ⟐⟐3(2)—**Plaintiff not estopped to attack act of donation to defendant by annexing certified copy thereof to her petition.**

Daughter-in-law claiming under her deceased husband and their deceased minor child, suing daughter to set aside act of donation by the father-in-law and father to such daughter, *held* not estopped by annexing to her supplemental petition as part thereof without any restrictions or reservations certified copy of her father-in-law's act of donation to his daughter, defendant.

2. **Estoppel** ⟐⟐98(1)—**Party not estopped individually by acts in representative capacity.**

Plaintiff daughter-in-law, suing as successor of her deceased husband, and their deceased minor child, to attack her father-in-law's act of donation to his daughter, is not estopped because in her capacity of tutrix for her deceased minor child she made no claim to any part of the estate of her father-in-law during the lifetime of such child, since one cannot be estopped individually by acts done in a representative capacity.

3. **Estoppel** ⟐⟐70(2)—**Failure to assert claim cannot give rise to estoppel where other party not affected adversely.**

The mere failure to assert a claim cannot form the basis of an estoppel where such failure has in no wise affected adversely the party pleading the estoppel.

4. **Gifts** ⟐⟐26 — **Donations; when donations must be by notarial act stated.**

An attempted donation inter vivos by a father to his daughter of immovable property and incorporeal rights under private signature was an absolute nullity if the value of the property conveyed exceeded by more than one-half that of the services to be rendered, and governed by Civ. Code, arts. 1467, 1536, requiring that donations inter vivos be passed before a notary and two witnesses, but if the charges imposed exceeded by more than one-half the value of the property, the act was an onerous or remunerative donation, uneffected by such statutes, in view of Civ. Code, arts. 1524–1526, governed by the law applicable to commutative or synallagmatic contracts, and would not have to be by public or notarial act.

5. **Gifts** ⟐⟐47(3) — **Donations; party attacking attempted donation has burden to prove obligations of donee less than one-half value of property.**

A daughter-in-law attacking as successor of her deceased husband and their deceased minor child an act of donation by her father-in-law to his daughter has the burden to prove that the obligations imposed on the donee daughter valued in money were less than half the value of the property conveyed, so that the donation was void.

6. **Gifts** ⟐⟐1 — **Donations; onerous donation equivalent to ordinary contract.**

An onerous or remunerative donation is equivalent in law to an ordinary contract.

7. **Descent and distribution** ⟐⟐8—**Succession; right of action of onerous donor to attack donation for failure of consideration heritable.**

Right of action in the donor under an onerous or remunerative donation to attack such donation for entire failure of consideration was a heritable right of action which passed to his heirs at law, whether forced or collateral, and was transmitted by his granddaughter, when she died, to his daughter-in-law, widow of his son.

8. **Gifts** ⟐⟐45 — **Donations; petition stated cause of action as suit to annul onerous or remunerative donation.**

Petition of daughter-in-law, suing as successor of her deceased husband and their deceased minor child, *held* to state a cause of action against defendant daughter as amounting to a suit to annul an onerous or remunerative donation from the father-in-law to his daughter, defendant, for failure of consideration, or for nonperformance of the conditions imposed upon the donor by the obligor.

9. **Estoppel** ⟐⟐28—**Heir not precluded from attacking act of donation irrespective of recitals.**

A father who made an onerous or remunerative donation to his daughter would not have been precluded from attacking his act on the ground of failure of consideration, irrespective of the recitals of the act with reference to donations to his other heirs, so that his daughter-in-law, suing as successor of her deceased husband and their deceased minor daughter, is not estopped from so doing.

Appeal from Seventh Judicial District Court, Parish of West Carroll; W. L. Bagwell, Judge ad hoc.

Suit by Mrs. Mary H. Castleman against George A. Smith, administrator, and others. From judgment for defendants, plaintiff appeals. Judgment annulled and reversed, and cause remanded.

T. H. McGregor, of Shreveport, for appellant.

M. H. O'Connell, of Oak Grove, for appellees.

DAWKINS, J. Plaintiff alleges that she was married to T. P. Haynes November 29, 1879, who died on January 6, 1885, leaving one child only surviving issue of said marriage, and that said child died while still a minor, during the month of April, 1895; that the said T. P. Haynes was the son of Dr. John Haynes, and that the latter died on the 28th of August, 1887, owning both personal and real property, and leaving Miss Bythellow Haynes, a daughter, and Eugenia Haynes, a granddaughter, issue of petitioner's marriage with the said T. P. Haynes, as his sole heirs; that the succession of Dr. John Haynes was never opened, but that the said Miss Bythellow Haynes took possession and control thereof, and collected the revenues, all without the consent of petitioner and over her protest. Petitioner further alleges that prior to his death the said Dr. John Haynes attempted to donate all of his property and effects to his said daughter, Miss Bythellow Haynes, to the detriment of petitioner's said husband and daughter; that said act was utterly null and void on its face, because of the failure to perform the conditions named therein; that one of the conditions was that the donee should support her said father for the rest of his life, but that she failed to do so, and petitioner's said husband furnished the said donor a home and support from the date of said donation, January 2, 1883, to January 6, 1885, at which latter date petitioner's said husband died. Further alleges that said act is utterly null and

void for the reason that it is not notarial in form, and in no wise conforms to the law with reference to donations.

Plaintiff made the administrator of the estate of Bythellow Haynes (she having died) party defendant, asked that a curator ad hoc be appointed to represent absent heirs, and prayed that the attempted donation be decreed null and ordered canceled; that petitioner be recognized as the owner of an undivided one-half of the real property formerly belonging to Dr. John Haynes; that it be sold to effect a partition; and that petitioner have judgment for the value of certain real and personal property disposed of by the said Bythellow Haynes, and for one-half the rental value of the real estate for the years 1888 to 1915, inclusive.

The administrator and curator ad hoc appeared and excepted to the petition on the ground that it disclosed no right or cause of action, which exception was on February 5, 1918, overruled. The curator ad hoc, reserving all rights under said exception, then filed a plea of vagueness on April 2, 1918, in which it was said that the petition did not set out or identify the act of donation which was attacked, "nor does it even show that same is of record in this parish nor where it is recorded; that this information is absolutely essential in order that respondent may know what instrument is referred to in plaintiff's petition, and may properly appear and plead his defenses to said action." The curator further averred that plaintiff had not set forth in what particulars the said donation was null and void, and prayed that petitioner be required to set forth with precision the nature of the demand, and "to set out and identify the act of donation referred to in her petition," and that she disclose what connection the same had with this case.

Without waiting for a ruling by the court

upon the motion or plea of vagueness, plaintiff filed in "answer" thereto an amended petition, in which she said:

"Adopting all the allegations and the prayer of the original petition, your petitioner shows further that a certified copy of the instrument referred to in petitioner's petition is hereto attached and made part hereof, and that same is recorded in your said parish in Notarial Book A, pages 435 and 436."

She further alleged that—

"Said instrument is utterly void on its face for many reasons, two of which are as follows: (a) The said so-called act of donation is not notarial in form; and (b) it attempts to give all the property that donor was possessed of. It should be annulled also for the want of fulfillment of the conditions set forth in same, even if it were not null and void on its face for lack of form, because it undertakes to dispose of all the property of donor."

The prayer of the amended petition was the same, in substance, as that of the original.

The copy of the act of donation attached to the amendment is as follows:

"State of Louisiana, Parish of West Carroll.

"Know all men by these presents that I, John Haynes, of my own free will and accord, of sound mind and memory, being now well stricken in years, and being desirous of arranging all my affairs before death, do make the following disposition of all my effects, to wit:

"Having on divers occasions, in former years, given unto my son, Thomas P. Haynes, and unto my deceased daughter, Fanny R. Sterling, money and property amounting in value to their just and full proportion of all that I am worth and having never given unto my daughter, Bythellow, anything, do now give, set over, transfer and with these presents do deliver unto her, all the right, title and interest which I have and hold in and to the following property, for her own use and benefit, in fee simple and forever, to wit: Two hundred and forty acres of land, more fully known as follows, to wit: SE¼ of section No. 22 and N½ of NE¼ of section 27, all in T. 20 N., of R. 10 E., district of lands north of Red River, being the place on which I now reside, and all the rents, revenues, improvements and appurtenances, thereon, and thereto attached and belonging. Also six head of horses and mules now on the place, also all the cattle which I own, about 40 head more or less, marked with a split in the left and swallow-fork in the right ear. Also a wagon and farming utensils of every kind which I own and on my place, conditioned that she, the said Bythellow Haynes, pays all my just debts, and furnish me with a home and support for the remainder of my life and signs her name to these presents, accepting of this donation with the condition, attached. Given under my hand this the 2nd day of January, 1883 and in the presence of Creed T. Millikin, John D. Millikin and H. B. Lott, good and lawful witnesses whose names are hereto signed.

"Jno. Haynes.
"Bythellow Haynes.

"Attest:
"H. R. Lott.
"C. T. Millikin.
"John D. Millikin.

"State of Louisiana, Parish of West Carroll.

"Personally came and appeared before me, the undersigned authority, H. R. Lott, who being sworn says that he is one of the subscribing witnesses to the foregoing transfer and that he saw all the parties thereto sign their names, with the true intent and purposes therein set forth and expressed. H. R. Lott.

"Sworn to and subscribed before me this the 2d day of January, A. D. 1883.

"W. A. Hedrick, Clerk, D. C. [Seal.]"

On April 23d the court rendered a written opinion on the plea of vagueness, holding that the amended petition filed by plaintiff "constitutes a substantial compliance with demands of defendant's plea of vagueness."

Thereafter, on June 11, 1918, the curator ad hoc, reserving the benefit of all previous exceptions, pleaded that plaintiff had estopped herself from attacking the said act of donation for the following reasons:

That she had attached to her amended petition copy of said act and made the same part thereof, without any restrictions or reservations whatsoever, and was therefore bound by all that was contained therein; that in said act the said Dr. John Haynes had set forth that in former years he had given to his son, T. P. Haynes, plaintiff's former husband, money and property amounting in value to his just and full proportion of all that Dr. Haynes was then worth;

that, having made the same part of her pleading and basing her claims upon the rights of her husband, as transmitted through their daughter, she could not be heard to dispute the facts therein recited; that plaintiff was further estopped from claiming that her child, Eugenia Haynes, ever owned any interest in said property, because plaintiff had been on December 27, 1886, qualified as natural tutrix of said minor; that she continued in that capacity until the death of said minor in 1895, and never at any time attempted to assert any claim to said property for her said ward, as she was, under her oath, legally bound to do; that plaintiff was estopped for the further reason that, having received and accepted through her said husband the benefits of the donations from his father, and having judicially admitted that the same were equal in value to the full and just proportion of the said T. P. Haynes, she could not be heard to claim any further benefits from the estate of Dr. John Haynes.

On the same day that the plea just referred to was filed the said curator ad hoc filed another plea of estoppel, in which he averred that, by suing as the sole heir of her daughter, Eugenia Haynes, and through her as the heir of Dr. John Haynes, plaintiff had thereby accepted "fully, unequivocally, and expressly" his succession, and was therefore bound by his declarations contained in the said act of donation.

Subsequently, September 12, 1918, defendants pleaded estoppel again, based upon the same grounds.

The pleas of estoppel were tried, plaintiffs therein, defendants in suit, offering in evidence the amended petition with exhibit attached, together with the entire record in the tutorship proceedings of the minor, Eugenia Haynes. Defendant in the pleas tendered no proof.

On March 4, 1919, the lower court handed down a well-considered written opinion sustaining the pleas of estoppel. Plaintiff has appealed, and defendants have answered, praying that the judgment be affirmed, and in the alternative, if the plea of estoppel be overruled, that the exception of no cause or right of action be sustained.

### Opinion.

[1] In so far as the plea of estoppel rests upon the contention that by annexing the certified copy of the act of donation to the supplemental petition, as part thereof, plaintiff bound herself by its recitals, we think it is not well founded. Plaintiff's whole complaint and the relief sought was grounded upon the alleged nullity of this act. Both in the original and amended petitions she insists and reiterates the reasons for its illegality, which are based, as she contends, upon positive and prohibitory provisions of the law. Furthermore, defendants in their exceptions of vagueness demanded that the plaintiff be required "to set out and identify the act of donation referred to in her petition;" and in response thereto, before the court had ruled upon the motion, she produced and annexed to her answer to said demand the document called for. While it is true she did recite "that a certified copy of the instrument referred to in petitioner's petition is hereto attached and made part hereof," the purpose of such production and annexation is made clear by the very circumstances under which it was done, and that was that the defendants should, in compliance with their wish, be informed of the particular act or instrument which plaintiff was attacking. It is also true that plaintiff did not negative the recitals of this instrument to the effect that her former husband had received his full proportion of his father's property, but she could not produce or annex a part of the document without including the whole, and the result, in our opinion, is no different to what it would have been if

she had copied the instrument in full in her petition, at the same time attacking it as she has done. In neither case would she be, in our opinion, bound by the unsworn recital of facts contained therein. In any event, it would seem that, if said declarations were to be read against plaintiff, they would more properly affect the question of whether or not the petition disclosed a cause of action, since it nowhere alleges, in conflict with those statements that plaintiffs or those through whom she claims has not received such money or property. In fact, she has made no allegation on that score, and estoppel can apply only where there is some conflict between the pretensions presently made and facts or contentions asserted at other times. And what we have thus said has equal application to the defense of estoppel, grounded upon the averment that plaintiff, having accepted unconditionally the succession of Dr. John Haynes, is bound by the terms of the alleged donation. In other words, she bases her claims upon a certain state of facts from which she contends certain legal results flow, and it becomes a question of law as to whether or not the facts so stated constitute a cause of action, and, as before stated, we find nothing in these circumstances to support estoppel.

[2, 3] As to the contention that because plaintiff, in her capacity of tutrix for her minor daughter, made no claim to any part of the estate of Dr. Haynes during the lifetime of her ward, she cannot now be heard, when claiming in her own right, to assert that such rights existed, it is well settled that one cannot be estopped individually by acts done in a representative capacity. Walker v. Walker, 37 La. Ann. 108; Simpson v. Ice Co., 44 La. Ann. 612, 10 South. 814. However, the mere failure to assert a claim, as in this instance, cannot form the basis of estoppel, any more than the failure to assert a right in any other case where it has

in no wise affected adversely the party pleading the estoppel. The only result is that, the greater the lapse of time, the more stale the claim becomes, and the harder, perhaps, it may be for the party asserting it to make out his case. Imhof v. Imhof, 45 La. Ann. 706, 13 South. 90. But we see nothing in the facts relied upon that might have caused defendants, or those under whom they claim, to change prejudicially their position, and which condition is essential to support an estoppel in pais. Breaux v. Hanson Lumber Co., 125 La. 421, 51 South. 444.

## Exception of No Cause or Right of Action

Defendant contends that the petition does not state a cause of action, because:

(1) Plaintiff does not sue as a forced heir of Dr. Haynes, and cannot complain if he did dispose of all his property, for such an heir alone is entitled to attack a donation on the ground that the donor has divested himself of his entire property.

(2) Even if it be held that the plaintiff has sued in the capacity of a forced heir, she has no right to have the entire donation annulled, but merely to have it reduced so as not to entrench upon her légitime.

(A) That she has not alleged any facts showing such encroachment upon her légitime, and, having made the act of donation part of her amended petition, the effect was to have her pleading say that her husband had received all that he was justly entitled to, and thereby to negative the idea of any such encroachment.

(3) That, in so far as the charge is made that Miss Bythellow Haynes did not comply with the conditions of the donation that she should support her father during his lifetime, there is no allegation that any demand was even made therefor, and consequently no putting in default, as a result of which neither Dr. Haynes, nor any one claiming under him

can be heard to complain of the failure to render such support.

(4) That, having accepted unconditionally the succession of Dr. Haynes, she is bound by the recitals in the act of donation.

We deem it unnecessary to pass upon the character of plaintiff's heirship, in disposing of this exception, for that issue is involved more properly with the charge of nullity on account of the donor's having disposed of all his property without reserving enough for his support, in violation of article 1497, R. C. C. We think the petition otherwise discloses a cause of action, as will appear from what we have to say hereafter in this opinion, and we prefer not to pass upon such important questions of law in disposing of an exception, which, if the petition alleges a cause of action on any score, must be overruled.

[4-7] The petition charges that the act is an attempted donation inter vivos of immovable property and incorporeal rights under private signature. Hence, if the value of the property conveyed exceeded by more than one-half that of the services to be rendered, then it was an absolute nullity and governed by articles 1467 and 1536 of the Civil Code, which require that donations inter vivos be passed before a notary and two witnesses. On the other hand, if the charges imposed exceeded by more than one-half the value of the property, then the act assumed the character of an onerous or remunerative donation, unaffected by provisions of the Code just referred to (C. C. 1524, 1525, and 1526). In the latter event it would be governed by the law applicable to commutative and synallagmatic contracts, and would not have to be by public or notarial act. Potts v. Potts, 142 La. 906, 77 South. 786, and authorities there cited. So that plaintiff carries the burden, in the first place, of proving that the obligations imposed upon the donee,

valued in money, were less than one-half the value of the property conveyed. Hearsey v. Craig, 126 La. 824, 53 South. 17; Bowlus v. Whaley, 129 La. 509, 56 South. 423; Potts v. Potts, supra. But she does not allege what the value of those services were, and hence there is no allegation under which, for the purpose of this exception, we may assume that such proof would be offered. Therefore the petition seems to resolve itself into an action to annul an onerous or remunerative donation (which is equivalent in law to an ordinary contract), not because of an insufficient consideration, but because of the entire failure of consideration. It follows that the rights of the parties will have to be determined by the law governing such donations or contracts. Undoubtedly this right of action in the donor was a heritable one and passed to his heirs at his death, whether forced or collateral, and was transmitted by his granddaughter, Eugenia Haynes, when she died, to the plaintiff. C. C. 871 et seq.

In our opinion, there is no occasion for the application of the provisions of law with respect to putting in mora, since the petition alleges an entire failure of the conditions imposed by the donation or contract, and the possibility of their performance has long since passed by the death of Dr. Haynes, who died in 1887, four years after making the donation.

[8, 9] We think, therefore, that the petition does disclose a cause of action in the sense that it amounts to a suit to annul an onerous or remunerative donation for failure of consideration or to perform the conditions imposed upon the obligor by the donor. Dr. Haynes himself would not have been precluded from attacking the act upon this ground, no matter what the recitals with reference to donations to his other heirs and hence plaintiff is not estopped from doing so. Besides, we

do not think this declaration was any more binding upon plaintiff or those under whom she claims than any other ex parte statement of Dr. Haynes. She is not trying to enforce or claiming rights under the act, but is seeking to annul it.

For the reasons assigned, the judgment appealed from is annulled and reversed, the pleas of estoppel and no cause of action are overruled, and this cause remanded to be proceeded with according to law and the views herein expressed; defendants to pay costs of appeal; all other costs to await final judgment.