Plaintiff alleged that on August 22, 1941, he sold and conveyed unto defendant the following described property, to-wit: NE 1/4 of NW 1/4 and NW 1/4 of NE 1/4 of Section 6, Township 10 North, Range 8 West, Natchitoches Parish, Louisiana, and that the said act of conveyance recited a cash consideration of $675, which was never paid. He alleged that defendant is a son-in-law and the property was deeded to him upon his promise to care for and support plaintiff during the remainder of his life; that *Page 157 
plaintiff is old, deaf and unable to work or earn his livelihood. Plaintiff further alleged that the true and only consideration for the transfer was the agreement by defendant to care for and support him, which defendant has failed and refused to do. That defendant never intended to care for and support him and induced him to sign the deed under said promise with the fraudulent intent of getting possession and ownership of the above described property without paying anything for it.
Plaintiff alleged he was advised at the time the deed was prepared that it was necessary for some cash consideration to be stated in the deed in order to make it legal, and for that reason he consented for the cash consideration to be shown instead of the true consideration. Plaintiff further alleged that he owns no other property and by the act of conveyance divested himself of all the property he had. He prayed that the act of conveyance to defendant by him of the above described property be set aside and the Clerk of Court and Ex-Officio Recorder be ordered to cancel same from the records of his office, and that he be declared the true and lawful owner of the above described property.
Defendant in answer admits that he is a son-in-law of plaintiff but denies the want of consideration alleged by plaintiff, and alleged the execution of the deed was a bona fide transaction and expressed the true consideration. He also admits that he promised to care for and maintain plaintiff the remainder of his life, and that he and his wife have before and since the execution of the deed cared for, nursed and provided for plaintiff, who resides in his home. Defendant also admits that plaintiff owns no other property.
[1, 2] In rejecting plaintiff's demands, the lower Court gave the following written reasons:
"From the evidence presented, the Court is able to draw the following facts:
"That the instrument was in fact and in truth not a sale but an onerous donation for the reason that no cash was actually paid. The defendant claimed that he actually paid the cash consideration, but his testimony with reference thereto states facts that are so highly improbable as to be unworthy of belief and this Court now holds them to be untrue. This Court also finds that by such donation this plaintiff has divested himself of all of his property.
"Article 1497 of the Civil Code reads as follows: "The donation inter vivos shall in no case divest the donor of all of his property; he must reserve for himself enough for subsistence; if he does not do it, the donation is null for the whole.' If the lawmaker had stopped here a solution to this case would be obvious, however, Article 1526 of the Civil Code reads as follows:
" 'In consequence, the rules peculiar to donations inter vivos do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one-half that of the charges of the services.'
"And under this Article and in face of the proof of the value of the property as being $1000.00, it would be necessary to show that the value of the services rendered exceeded $500.00 or were less than that amount. In the case of Castleman v. Smith, 148 La. 233 [86 So. 778], and in the case of Hearsey v. Craig, 126 La. 824 [53 So. 17], it was held that the burden of proof of the value of the services rendered in an onerous donation was on the plaintiff. In this case no allegation was contained in plaintiff's petition setting forth the amount of the value of such services by these defendants nor was any proof offered.
"Unless some proof of the value of such services were presented to the Court, it would be impossible to know whether or not such services exceeded one-half of the value of the property, and consequently, whether the prohibition contained in Article 1497 of the Civil Code would apply. Instead, plaintiff sought to prove that the defendant had not complied with his obligation to take care of plaintiff. In this connection, I believe he failed, as preponderance of proof seems to show that defendants have reasonably carried out to the date of trial their part of the agreement. Of course, at any time during the lifetime of this plaintiff if the defendant fails to carry out his agreement to take care of him, then the contract could and should be annulled. It is unfortunate that parents see fit to transfer all of their property to their children under a promise to take care of them for the rest of their lives. When the contract is made, everyone is in a good humor and it looks like to the donor that it is a small price to pay for a home and security with his loved ones. Unfortunately, human nature being as it is and the burdens of everyday life make dispositions more or less sour, differences arise, real or *Page 158 
fancied, that frequently make the donor regret his action.
"Old people are often fractious and young people frequently are guilty of mental cruelty, and with these human imperfections in mind, this Court is of the opinion that the evidence justified as above stated, that the defendants have so far carried out their part of the agreement.
"In the case of Landry v. Landry, 40 La. Ann. 229 [3 So. 728], the Supreme Court discussed a case somewhat similar to the one at bar, and in that case that the services shown to have been rendered exceeded one-half of the value of the property given and were ample to make the transfer valid and that the prohibition of Article 1497 of the Civil Code accordingly did not apply.
"Therefore, let there be judgment rejecting plaintiff's demand at his cost."
Plaintiff applied for a rehearing and for the case to be reopened for the reason alleged that the decision is contrary to the law and evidence and that since the decision of the Court, defendant and his wife have moved from the property in question and plaintiff is now living on the property alone; that defendant has abandoned him and is no longer taking care of him. The application was overruled in a written opinion by the lower Court in which no mention was made of that part of the application dealing with defendant's having abandoned and ceasing to take care of him. The plaintiff has appealed.
A careful study of the record discloses that the finding of fact by the lower Court is correct and the correct law applied thereto. In the course of the opinion of the lower Court it said — and we think correctly:
"At any time during the lifetime of this plaintiff if defendant fails to carry out his agreement to take care of him, then, of course, the contract could and should be annulled."
[3] In plaintiff's application to reopen the case, he alleged that defendant has since the decision, but before judgment was signed, abandoned him and ceased to care for or maintain him. If this is a fact then justice will be done and delay avoided by avoiding another suit upon the same issues by reopening the case for the sole purpose of hearing testimony on that question.
It therefore follows that the judgment of the Court is set aside and the case remanded to be reopened for the sole purpose of hearing testimony on the allegations in the motion to reopen and for judgment herein in accordance with said testimony; cost of appeal to be cast on defendant and all other costs to await the final determination of the case.