AYRES, Judge.
Plaintiffs Juanita Wall Hinton and Camille Wall Morgan, instituted this action to set aside and have declared a nullity the conveyance of a residential lot in West Monroe, Louisiana, made by plaintiffs’ deceased mother, Nannie H. Wall, to their deceased sister, Natalie Wall May. Defendants are Howard E. May and Nancy May Ray, surviving spouse and sole heir, respectively, of the late Natalie Wall May. Judgment was rendered in favor of defendants, rejecting plaintiffs’ demands, whereupon plaintiffs appeal.
The evidence adduced at the trial shows that in November, 1963, Nannie Wall was in poor health, and it was decided by the family members that she should be moved from her own home 'to the home of Mr. and Mrs. May so that she could be constantly attended. Mrs. Wall exhausted her *585 own funds and Mr. and Mrs. May assumed the expenses for her support. On November 24, 1964, the deed sought to be set aside was filed for record. The deed purported to convey property hereinafter described as:
Lot 8 of Square 12 of Splane Place Addition as described in Conveyance Book 630 at page 145 of the Records of Ouachita Parish, Louisiana.
The deed contained the following recital:
“The consideration for which this sale and transfer is made is the price and sum of SEVEN THOUSAND AND NO/100 ($7,000.00) DOLLARS, paid, receipt of which is hereby acknowledged, and other valuable consideration.
“The parties declare that a portion of the consideration herein acknowledged consists of advances and the furnishing of a place to live for the Vendor and providing her a home by the Vendees herein during the balance of her natural life.”
Mr. and Mrs. May applied for a loan at the Monroe Building & Loan Association with the intention of using the above-described property as security. Attorneys of the building and loan association required that the part of the consideration requiring the vendees to provide a home for the vendor be waived before the loan could be approved. Pursuant to this requirement, Mrs. Wall executed and filed of record the following release:
“I hereby release Natalie W. May and Howard E. May any obligations of providing a home for me the remainder of my life.”
Over the strenuous objection of plaintiffs the defendants were allowed to admit testimony as to how much money was spent on behalf of Mrs. Wall and to the introduction in evidence of the following undated letter:
“Mother,
“I will take care of you as long as you live.
I will always see that you have a home.
“/s/ Natalie W. May.
Natalie W. May”
Mrs. Wall lived with Mr. and Mrs. May from November 1, 1963, until her death on July 18, 1966, except for a period of five months when she was moved to a nursing home. The trial judge found as fact, and it appears to be conceded, that the $7,000.00 recited consideration was never paid. He concluded, from the testimony given at the trial, that the transfer was an onerous donation and that the value of the services exceeded one-half the value of the property.
Appellants urge as error the finding by the trial court that the transfer was onerous. They also urge that the court erred in admitting and considering the testimony of Howard E. May or any other evidence offered by defendants to prove that there was “other true and sufficient consideration” to support the validity of the conveyance. Appellants contend that the appel-lees’ pleadings failed to contain affirmative allegations to support the introduction of this evidence and that appellants had not anticipated and were not prepared to meet such evidence. They complained that defendants’ failure to allege an affirmative defense of “other true and sufficient consideration” misled them into believing that the sole issue to be decided was whether or not the $7,000.00 recited cash consideration was actually paid.
In brief and argument before this court appellants stress that under the pleadings appellees could not rely on LSA-C.C. Art. 1900, which provides:
“If the cause expressed in the consideration should be one that does not exist, *586 yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration.”
In support of this argument appellants cite the case of Stewart v. Devall, 107 So.2d 463 (La.App., 1st Cir. 1958). This case involved a deed in which a cash consideration was cited and the defendant alleged in his answer that the consideration was paid, and he was defeated on this claim. The court held that in the absence of affirmative allegations in his answer, defendant could not attempt to prove another consideration.
We do not find the cited case applicable to the present controversy. Appellants allege the following in Paragraph 9 of their petition:
“Petitioners allege that the consideration recited in said deed was never in fact paid, nor intended to he paid by Natalie May or Howard E. May, vendees therein; that the real consideration for the deed was the agreement by Vendees, Natalie and Howard E. May, to furnish a place to live and provide a home for the vendor, Nannie H. Wall, for the balance of her natural life; and that said conveyance was, in fact, a donation in disguise.” (Emphasis added.)
Appellees answered as follows:
“Defendants deny the allegations of Paragraph Nine (9) of Plaintiff’s petition.”
The above-quoted paragraph of plaintiffs’ petition contains three allegations of which the main thrust seems to be that the recited consideration was never paid. The deed in question recites a dual consideration, $7,000.00 cash and the promise of the vendees or donees to support Mrs. Wall. Defendants’ answer denied that the consideration was never paid and the evidence produced at the trial tended to prove a case for their recovery.
Special allegations in the answer are not necessary to authorize the introduction of evidence, the direct tendency of which is to disprove what the plaintiff alleges.
Budreaux v. Tucker, 10 La.Ann. 80 (1855).
This doctrine was reaffirmed in Williams v. Fisher, 79 So.2d 127 (La.App., 1st Cir. 1955), and Moody v. Gossen, 125 So.2d 264 (La.App., 3d Cir. 1960).
Appellants’ own petition alleged that the true consideration for the conveyance was the Mays’ promise to support Mrs. Wall. Although they strenuously objected to defendants’ evidence which tended to prove “other consideration,” they failed to seek a delay to procure rebuttal evidence. It appears that from plaintiffs’ own pleadings, setting forth that the promise to support Mrs. Wall was the real consideration for the conveyance, they had full knowledge of the actual facts underlying the events leading to this conveyance.
Appellants’ contention that this was a gratuitous donation is also without merit. They allege that, since the $7,000.00 consideration was never paid to Mrs. Wall, the release she executed on November 26, 1964, relieved the Mays from any further obligation of support owed to Mrs. Wall under the deed. Their position is that this release changed the transfer from an onerous to a gratuitous donation subject to the rules governing donations inter vivos. They further allege that by this gift Mrs. Wall failed to reserve enough for her own subsistence and, therefore, the donation is null for the whole. LSA-C.C. Art. 1497.
Appellants based their claim that the donation was gratuitous on the existence of the aforementioned release. The release in this case was given by Mrs. Wall at the request of the Monroe Building & Loan Association. Mr. and Mrs. May were not parties to this release. The record shows that Mr. May did not even know of its existence until the trial. LSA-C.C. Art. 1901 provides that:
“Agreements legally entered into have the effect of laws on those who have formed them.

*587
“They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.

“They must be performed with good faith.” (Emphasis added.)
The Code also provides, in Art. 2201, that:
“The release or remission of a debt is presumed always to have been accepted by the debtor, and it can not be revoked by the creditor.”
Our jurisprudence holds that such a legal presumption relieves the creditor of the burden of proof, but the debtor may destroy this presumption by rebutting evidence.
Succession of Tilghman, 7 Rob. 387 (1844);
Dugas v. Estiletts, 5 La.Ann. 559 (1850).
With respect to appellants’ objection to the admission of the undated letter and also to the testimony of Howard E. May as to the amounts expended on behalf of Mrs. Nannie Wall, it may be pointed out that in a recent case of Smith v. Richardson, 200 So.2d 897, 899 (La.App., 2d Cir. 1967), we had the opportunity to review the jurisprudence in this area. There it was stated:
“A rule with reference to the sufficiency of consideration to support a contract is that:
‘If the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration.’
“LSA-C.C. Art. 1900.
“The construction which this article has uniformly received clearly authorized the admission of parol evidence to show the real consideration in the equivalent to the cash recited to have been paid. Landry v. Landry, 40 La.Ann. 229, 3 So. 728 (1888). Thus it was held that the obligation of the purchasers to support the vendor and his aged wife during their natural lives was equivalent to the expressed consideration and sufficient to support the contract. See, also: Love v. Dedon, 239 La. 109, 118 So.2d 122, 124 (1960) and the numerous authorities therein cited.”
In Love v. Dedon, Chief Justice Fournet quoted approvingly from Dickson v. Ford, 38 La.Ann. 736 (1886):
“ '* * * The reason or the philosophy of the rule which, as an exception, flows logically from the very terms of the general rule, is that parol evidence, in such cases, is admitted, not against or beyond what is contained in the acts as a contradiction of the clear recital or legal meaning of the stipulations contained therein, but on the contrary, to give effect to the contract arising therefrom, by supplementing necessary information omitted therefrom, or to ascertain the true intent of the parties when the same is not clearly expressed or described therein. As thus understood and construed, the rule is not amenable to the charge that it tends to destroy or impair the sanctity or binding force of authentic acts, but on the contrary, it tends directly to enhance the validity and efficacy of such acts, by substituting light for darkness, certainty for obscurity, and truth for error.”
118 So.2d 122, 124.
Predicated upon these authorities, the trial judge properly admitted evidence objected to by appellants.
We feel the record contains conclusive evidence to show that appellees fulfilled their obligation of support to Mrs. Wall. Although the record shows that Mr. May took no part in the financial affairs of the family, his testimony as to the services rendered to Mrs. Wall did not constitute hearsay. Before trial appellants themselves stipulated for the admission of certain documents that were introduced by the appellees.
*588 Of itself the undated letter signed by Mrs. May is not conclusive but taken with other evidence the true intent of the parties is clear. The record shows that the Mays built an efficiency apartment onto their house for Mrs. Wall at a cost to them of $5,000.00. She lived in this apartment for 31 months. Mr. May testified that either he or Mrs. May was in constant attendance of Mrs. Wall for 16 hours a day, Mondays through Fridays, and 24 hours a day on Saturdays and Sundays, except for a 10-day vacation which they took in 1965. Numerous checks were introduced and positively identified by Mr. May as payments on behalf of Mrs. Wall. During her stay at the Mays, Mrs. Wall was attended by various nurses during the daylight hours. The total dollar amount placed on the benefits given to Mrs. Wall was shown to be $24,675.79. In 1964, plaintiffs’ appraiser put a value of $10,-600.00 on the property in question.
We agree with the trial judge that the facts show the donation is one which is burdened with charges and, therefore, is onerous in character.
Under 'LSA-C.C. Art. 1526, the rules peculiar to donations inter vivos do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one-half that of the charges or of the services. See, also: Moore v. Sucher, 234 La. 1068, 102 So.2d 459 (1958).
When forced heirs seek to annul a conveyance on the ground that the donor divested herself of all her property in violation of LSA-C.C. Art. 1497, the plaintiff has the burden of moving forward with the evidence to prove that the donor did not reserve enough for her subsistence and that the value of the property donated exceeds by one-half that of the charges.
Potts v. Potts, 142 La. 906, 77 So. 786 (1918).
The record reveals no evidence presented by plaintiffs to sustain this burden. Moreover, defendants have shown that the value of the services rendered to Mrs. Wall is considerably more than the value of the property.
For the reasons assigned, the judgment appealed is affirmed at appellants’ cost.
Affirmed.