SAVOY, Judge.
Plaintiff, as agent for the heirs of Mrs. Ophelia Thibodeaux Begnaud Castilie, filed suit against defendants, the heirs of Anatole Castilie, Jr., to have declared null and void (1) act of donation from Mrs. Castilie to her son, Anatole, Jr., dated October 26, 1900; and (2) act of sale between Mrs. Castilie and Anatole, Jr., dated June 14, 1901.
After a trial on the merits, the district judge held that both the act of donation and the act of sale were valid. Plaintiff has appealed to this Court.
We shall first discuss the act of donation, for if we decide the donation is valid, we will not determine the validity of the act of sale.
Plaintiff contends that the donation dated October 26, 1900, is an absolute nullity for the reason that Mrs. Castilie divested herself of all her property and failed to reserve unto herself enough for her subsistence in violation of the provisions of LSA-C.C. Article 1497, which reads as follows:
“The donation inter vivos shall in no cause divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole.” (Emphasis theirs.)
The record reveals that Mrs. Castilie was married twice — first to Godfrey Beg-naud, and of this union Austide Begnaud and Eridolie Begnaud were born; secondly to Anatole Castilie, Sr., and of this union Alzue Castilie, Carlos Castilie, Louise Cas-tilie, Helene Castilie, Ambrose Castilie, and Anatole Castilie, Jr., were born.
Prior to the donation herein, Mrs. Cas-tilie owned 319 arpents of land as a result of her marriages to her husbands, both of whom predeceased her. Before October *876 26, 1900, Mrs. Castille sold 163 arpents. The donation to Anatole, Jr. contained 113 arpents. At the time of the donation she owned approximately 43 arpents.
The act of donation in contest contained a recital that the condition of the donation was that Anatole, Jr. would care for her physical needs during her lifetime. He was also to pay all taxes.
Mrs. Castille died in 1912.
In 1913 plaintiff herein filed a suit on behalf of some of the heirs of the donor against Anatole, Jr. to set aside the donation, which suit was dismissed for lack of prosecution.
We will discuss the first issue presented in the instant case, namely, whether the donor retained sufficient property for her subsistence at the time she made the donation in the instant case. If she did, the donation is valid.
In the case of Potts v. Potts, 142 La. 906, 77 So. 786 (1918), the Supreme Court stated:
“ * * * The conveyance upon its face purports to be for a consideration, and the burden rested upon plaintiffs to prove that it was gratuitous, and that the donor had not reserved enough for her sustenance, and not having produced such proof, their demand to have the conveyance annulled must be refused.”
Also, in Lamkin v. Hanna, 135 So.2d 659 (La.App. 2 Cir. 1961), the court stated:
“ * * * Where a conveyance is sought to be annulled by the forced heirs of the donor on the ground that she would be divested of all of her property in violation of LSA-C.C. Art. 1497, the burden rests upon plaintiff to prove that the donor has not reserved enough for her subsistence and that the value of the property donated exceeds by one-half that of the services intended to be compensated. Hearsey, et al. v. Craig, 126 La. 824, 53 So. 17 (1910). * * * ”
We are of thfe opinion that plaintiff has not proven that the donor, Mrs. Ophelia Thibodeaux Begnaud Castille, did not own sufficient property for her subsistence at the time of the donation to her son, Anatole Castille, Jr. We are also of the opinion that the donation is valid. Having concluded this, it is not necessary to determine whether the sale from Mrs. Ophelia Thibodeaux Begnaud Castille to her son, Anatole Castille, Jr., dated June 14, 1901, is valid.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.