357 So.2d 628 (1978)
Mrs. Lucia Bateman QUINN et al.
v.
Gladys Bateman Burris STAFFORD et al.
No. 11915.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
*629 John N. Gallaspy, of Gallaspy & Paduda, Bogalusa, counsel for plaintiffs.
Richard F. Knight and R. Bradley Lewis, of Talley, Anthony, Hughes & Knight, Bogalusa, counsel for Charles, Marilyn and Katherine Bateman and Gladys Bateman Burris Stafford.
Haley M. Carter, Franklinton, counsel for Robert H. Bateman, Jr.
William M. Quin, Kentwood, counsel for Ella Bateman Knight.
Curtis Allen Hennesy, New Orleans, counsel for Maude Bateman Hennesy.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiffs and third party plaintiff appealed the judgment holding two conveyances valid against attack as being simulations.
The issues are:
(1) Attack upon validity of act reciting consideration;
(2) Admission of evidence of "other consideration" not pled as an affirmative defense;
(3) Sufficiency of proof of simulation or donation in disguise;
(4) Sufficiency of proof to overcome presumption of simulation resulting from reservation of usufruct;
(5) Effect of lack of authentic form; and
(6) Effect of gift of all one's goods.
We amend and affirm.
Mrs. Emma Magee Bateman and eight of her nine children signed two acts of sale, dated February 4, 1946, to her sons, Herbert and Robert, Jr. The sale to Herbert of 75 acres was for the stated consideration of $1,500. The sale to Robert, Jr. was for the stated consideration of $1,200. The only other difference in the parties to the two acts is that Herbert signed as one of the vendors to Robert, Jr. and Robert, Jr. signed as one of the vendors to Herbert. Robert Bateman, Sr., husband of one vendor *630 and father of the other vendors and the vendees, had died a few years prior. Mrs. Bateman reserved to herself the usufruct of the property. Just prior to the expiration of thirty years, Mrs. Quinn as a granddaughter of Emma Magee Bateman and Robert Bateman, Sr., as administratrix of her grandmother's succession and as administratrix of the Succession of Lucious Bateman, her father, filed this suit to have the transactions declared null. She was joined as plaintiff by her brother and by one aunt. Another granddaughter asked for the same relief as reconvenor and third party plaintiff.
First of all, appellees assert that a party to an act of sale of immovable property or his heir cannot attack its validity on grounds of no consideration contrary to the terms of the sale in absence of allegations of fraud, error or force of a counter-letter or supporting answers to interrogatories or requests for admission of fact. However, this rule has no application to forced heirs alleging simulated contracts. Miles v. Miles, 328 So.2d 394 (La.App. 3d Cir., 1976). The aunt who is plaintiff, while unable to attack the sale by her, could attack the sale by her mother. There would be no bar to the attacks by the other plaintiffs or the third party plaintiff.
Appellants' contention that it was error to admit evidence of other valuable consideration is without merit. The answers raised the issue. One of the defendants' contentions in the pre-trial order was this very point. Also, appellants' petition alleges that "no consideration whatsoever" was paid by Robert Bateman, Jr. and Herbert Bateman. The answers deny these allegations. Thus, the issue of consideration was put at issue by the petition and answer; no affirmative allegations were necessary.[1] This evidence is also admissible under LSA-C.C.P. Art. 2276.[2]
Appellants next argue that the acts were simulations, either of the pure form or donations in disguise. Appellees contend that the testimony of past services to the parents showed ample consideration. The trial judge's evident finding that the real consideration was past services rendered by the vendees, Herbert and Robert, Jr., is accorded great weight. Russell v. Culpepper, La., 344 So.2d 1372 (1977); Bell v. Bell, La.App., 339 So.2d 1333 (3rd Cir., 1976).
For several years Herbert and Robert, Jr. farmed their parents' property. The three families shared the fruits of this operation. The two brothers also planted an extra cotton crop each year, harvested it and gave the proceeds to their father. Both brothers, with little assistance from the other members,[3] provided the maintenance and support for both parents during the latter part of their lives. Herbert and Robert, Jr., provided most all of the necessary, day to day, personal care of Mrs. Bateman for at least a year prior to her death. The testimony to the effect that these acts of conveyance were passed in consideration for these actions is convincing. Thus, we hold that the act signed by Mrs. Bateman was not a simulation of any kind, but at least a remunerative donation.
The issue raised by the children of Lucious and Murphy Bateman of whether the acts of their parents, Lucious Bateman and Murphy Bateman, were simulations and donations is also without merit. The assumption by Herbert and Robert, Jr. of the obligations for support and care owed by the other brothers and sisters is valid consideration; the acts were, therefore, not simulations or donations in disguise.
In support of their argument of simulation, the appellants cite LSA-C.C. Art. *631 2480[4] as providing a presumption that was not rebutted. We disagree. Herbert and Robert, Jr., were operating the farm long before the sale and were in possession along with Mrs. Bateman at the time of the sale. Both Herbert and Robert, Jr. operated their respective tracts individually and as owners after the sales were passed. Furthermore, as shown above, we find the transactions not to be pure donations.
Appellants argue that LSA-C.C. Arts. 1497,[5] 1533,[6] and 1536[7] prohibit the donations here attacked. This argument is dependent upon a finding that the sales were actually donations in disguise. However, we have found that these acts were onerous in nature and at least remunerative donations. LSA-C.C. Art. 1526 states:
"In consequence, the rules peculiar to donations inter vivos do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one-half that of the charges or of the services."
In Bell v. Bell, supra, and Russell v. Culpepper, supra, this article was held to mean that the effects of the prohibition provided in Articles 1497 and 1533 do not apply to remunerative donations unless the party attacking the conveyance can prove that the value of the property given exceeds the value of the services by one-half. There is no evidence of the value of the land at the time the acts were passed.
The attack on the "donations" because they were not in authentic form also fails for the same reason. Potts v. Potts, 142 La. 906, 77 So. 786 (1918); Castleman v. Smith, 148 La. 233, 86 So. 778 (1920).[8]
In accordance with LSA-C.C.P. Art. 2089, the judgment of the trial court is recast to include with particularity the description of the property affected. Because both of the vendees are deceased and we are uninformed as to the present ownership we cast the judgment as follows:
It is ordered, adjudged and decreed that Herbert Bateman was the true and lawful owner of the following described property:
"North Half (N½) of Northeast Quarter (NE¼) of Southwest Quarter (SW¼), Southwest Quarter (SW¼) of Northeast Quarter (NE¼) of Southwest Quarter (SW¼), West Half (W½) of Southeast Quarter (SE¼) of Northeast Quarter (NE¼) of Southwest Quarter (SW¼) and Southeast Quarter (SE¼) of Southwest Quarter (SW¼), Section 7, Township 2 South, Range 11 East, St. Helena Meridian, containing 75 acres, more or less."
It is further ordered, adjudged and decreed that Robert H. Bateman, Jr. was the true and lawful owner of the following described property:
"North Half (N½) of Northwest Quarter (NW¼) of Southeast Quarter (SE¼), Southeast Quarter (SE¼) of Northwest Quarter (NW¼) of Southeast Quarter (SE¼), East Half (E½) of Southwest Quarter (SW¼) of Northwest Quarter (NW¼) of Southeast Quarter (SE¼); South Half (S½) of Southwest Quarter (SW¼) of Southeast Quarter (SE¼) and Northwest Quarter *632 (NW¼) of Southwest Quarter (SW¼) of Southeast Quarter (SE¼), Section 7, Township 2 South, Range 11 East, St. Helena Meridian, containing 65 acres, more or less."
All costs of this appeal are taxed equally to appellants.
AFFIRMED.
NOTES
[1] Hinton v. May, 241 So.2d 583, (La.App. 2nd Cir., 1970).
[2] Wise v. Johnson, 241 So.2d 534, (La.App. 2nd Cir., 1970), writs refused, 257 La. 604, 243 So.2d 273, (1971). The Supreme Court found "No error of law".
[3] The testimony shows that Emerson Bateman, now deceased, made a $20.00 per month allotment from his military pay in favor of Mrs. Bateman. There is evidence of very little other support of her, except as provided by Herbert and Robert, Jr.
[4] LSA-C.C. Art. 2480

"In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale."
[5] LSA-C.C. Art. 1497

"The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole."
[6] LSA-C.C. Art. 1533

"The donor is permitted to dispose, for the advantage of any other person, of the enjoyment or usufruct of the immovable property given, but can not reserve it for himself."
[7] LSA-C.C. Art. 1536

"An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions under the penalty of nullity."
[8] The Potts case, supra, was cited with approval by the Supreme Court in Owen v. Owen, La., 336 So.2d 782, (1976).